Dear Mayor Congemi:
You have requested an opinion from this office concerning a resolution adopted by the Jefferson Parish Council to terminate all of its maintenance of parish roads within the municipality of the City of Kenner. Submitted with your opinion request was a copy of an opinion rendered August 31, 1998 by the Jefferson Parish Attorney's Office, which you state was the basis for termination of the maintenance of the parish roads within the corporate limits of the City of Kenner. Specifically, you have requested an opinion regarding four issues raised by your city attorney in a letter attached to your request.
(1) Is the City of Kenner or the Parish of Jefferson responsible for the maintenance of these parish roads because of their annexation by the municipality?
It is the opinion of this office that a city is responsible only for maintenance of parish roads that have been annexed into the city after the passage of Act 123 of 1983 (La. R.S. 33:224). A previous opinion of this office, No. 84-234, concluded that Act123 of 1983 has no retroactive application; and, therefore, it does not require a city to maintain parish roads which were located within the city prior to the passage of Act 123 of 1983.
(2) Does the ownership/dedication of portions of the parish roads to the City of Kenner exculpate the Parish of Jefferson from its obligation to further maintain the parish roads?
It is the opinion of this office that the adoption of a "Master Street Plan" does not operate as a dedication of roads or streets. It is simply a plan for guiding the physical development of either the unincorporated territory of a parish or a city. La. R.S. 33:106,108.
Furthermore, a tacit dedication resulting from the maintenance by either a parish or municipal governing authority for a period of three or more years pursuant to La. R.S. 48:491 may or may not determine the future maintenance responsibility of a particular road or street. As noted above, a city is responsible for maintenance of parish roads that have become annexed into the city after the passage of Act 123 of 1983.
(3) Does the participation by the City of Kenner in cooperation with the Parish of Jefferson to maintain the parish roads absolve the Parish of Jefferson of its obligation to maintain the parish roads?
It is the opinion of this office that the Local Services Agreement between the Jefferson Parish Council, acting as the governing authority of Sub-Road District No. 1, and the city in 1988 clearly obligates the city to assume the cost of maintaining the road improvement projects constructed by Sub-Road District No. 1.
As to any roads and streets constructed and maintained by the parish that are not covered by the 1988 Local Services Agreement or have not been annexed into the city following the passage Act123 of 1983, it is the opinion of this office that the Jefferson Parish Council, as the governing authority of Sub-Road District No. 1, is obligated to annually provide in its budget those monies which would be required for the maintenance and repair of those parish roads. La. R.S. 48:589. However, La. R.S. 48:589 would not apply where the citizens of Kenner have already voted for a special tax to provide for the maintenance of roads and street. Furthermore, the Jefferson Parish Council as the governing authority of Sub-Road District No. 1 would have the additional power to levy and collect special assessments on the real property abutting any streets and roads within the City of Kenner that had previously been constructed and maintained by the parish. La. R.S. 33:3317.
(4) Does the inclusion of the parish roads in the Parish of Jefferson's Major Street Plan, in and of itself, establish responsibility for the maintenance of the parish roads?
As noted above, it is the opinion of this office that the adoption of a "Master Street Plan" does not operate as a dedication or an acquisition of land for roads and streets. Additionally, we agree that La. R.S. 33:140.23 dealing with metropolitan planning in the City of Shreveport and its environs is not applicable in the determination of responsibility for street maintenance as between the City of Kenner and the Jefferson Parish Council as the governing authority of Sub-Road District No. 1.
We hope that the above will be of assistance to you; but should you have any further questions concerning these issues, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp